Ruth S. Macomber *vs.* Lorenzo D. Macomber.

JUNE 23, 1913.

Present:    Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)    Divorce.    Evidence.*

The degree and character of proof required to sustain a petition for divorce from bed and board is in no respect different from that required to uphold a petition for an absolute divorce.

Divorce.    Heard on appeal of respondent and sustained.

Per Curiam.    This is a petition for divorce from bed and board on the grounds of extreme cruelty and of neglect to provide.    The petition was heard and granted January 24, 1913, on the ground of neglect to provide only.    To that decision the respondent excepted and the case is now before us on his bill of exceptions to such decision.

The justice presiding at the trial, in granting the petition, said: "If this was a petition for absolute divorce I should have no hesitation in dismissing it, for the petitioner's evidence is weak, but where she simply seeks for separate maintenance, the court does not exact the same degree of evidence to sustain the obligation of the petitioner. . . . Decision for the petitioner on ground of non-support." This statement of the law is erroneous.    There is no law or rule of evidence in this jurisdiction requiring proof of a different degree or character to uphold petitions for divorce, whether they be for absolute divorce or for divorce from bed and board.    The decision of the justice above referred to therefore does not carry with it the persuasive influence and weight which it otherwise would have.    The testimony in this case as to the allegation of neglect to provide is conflicting, but that furnished by the petitioner, taken by itself, covers so limited a period and is so general and indefinite in character as not only to render the characterization of it as "weak" proper, but also to give it no preponderating weight over the testimony offered by the respondent.    The excep-

tion of the respondent therefore is sustained, and the case is remitted to the Superior Court for a new trial.

*Curtis & Ball*, for petitioner.

*Flynn & Mahoney*, for respondent.